**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| SASAKIA DAVIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 3:18-cv-00766-WC |
| | * | |
| ROSIE L. WRIGHT and PROGRESSIVE | * | |
| DIRECT INSURANCE COMPANY, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT'S MEMORANDUM BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Defendant, Progressive Direct Insurance Company, by and through counsel, and files this memorandum brief in support of its contemporaneously filed motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment as to the bad faith claim in this lawsuit against the Defendant. In support thereof, Defendant submits the following:

**EXHIBITS:**

1. Alabama Uniform Traffic Report;

2. Complaint;

3. Notice of Removal; and

4. Affidavit of Cherie Sasnett.

**NARRATIVE SUMMARY OF UNDISPUTED FACTS**

This case relates to a traffic accident that occurred on November 28, 2016, in Chambers County. In that accident, the Plaintiff's vehicle was struck from behind by a vehicle driven by Rosie Wright. (Exhibit 1, Accident Report). Defendant Progressive Direct Insurance Company

1

(hereinafter "Progressive") was the underinsured/uninsured motorist carrier for the Plaintiff. (Exhibit 2, Complaint, para. 11).

On February 13, 2018, the Plaintiff filed a Complaint in the Circuit Court of Chambers County, Alabama.  That Complaint made an allegation of negligence against Rosie Wright. (Exhibit 2).  The Plaintiff later settled the claims against Defendant Wright.  After the settlement with Ms. Wright, this matter was removed to this Court.  (Exhibit 3, Notice of Removal).

The Plaintiff's Complaint also made a claim for underinsured motorist benefits against Progressive Direct Insurance Company.  In addition, the Plaintiff's Complaint alleged bad faith against Progressive as follows:

> Defendants PROGRESSIVE and/or its agents have acted with bad faith and/or stubborn, litigiousness, in its refusal to fulfill the contractual obligations owed to DAVIS by virtue of DAVIS' underinsured motorist coverage with PROGRESSIVE. PROGRESSIVE's conduct was not only negligent, but showed willful misconduct, wantonness, and that entire want of care which would raise the presumption of indifference to consequences of such conduct to DAVIS. Plaintiff DAVIS is thus entitled to recover punitive damages from PROGRESSIVE. (Exhibit 2, Complaint, para 26)

Progressive does not dispute that the Plaintiff had a valid policy of insurance containing a provision for underinsured motorist coverage at the time of the accident with Rosie Wright. Progressive further has never denied the Plaintiff's claim to some portion of the underinsured motorist benefits contained with her policy with Progressive.  Progressive does, however, dispute the amount of damages claimed in this matter and continues to investigate the value of the Plaintiff's claim through discovery in this matter. (Exhibit 4, Affidavit of Cherie Sasnett).

## SUMMARY JUDGMENT STANDARD

Summary judgment must be entered on a claim if it is shown "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(c).  On a motion for summary judgment, although the Court is to construe the evidence and factual inferences arising from it in the light most favorable to the nonmoving party, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970), "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party that fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Furthermore, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986).

## ARGUMENT

### I. PLAINTIFF'S CLAIM OF BAD FAITH MUST BE DISMISSED AS THE CLAIM FOR BAD FAITH IS NOT RIPE FOR ADJUDICATION.

In order for a plaintiff to bring forward a claim for bad faith or breach of contract arising out of underinsured motorist insurance coverage, a plaintiff must prove that she is "legally entitled to recover" damages under the policy.  She further "must establish fault on the part of the underinsured motorist, which gives rise to damages and must be able to prove the extent of those damages."  *Pontius v. State Farm Auto. Ins. Co.*, 915 So.2d 557, 564 (Ala. 2005).  In cases where there has been no "determination of whether liability exists on the part of the underinsured motorist and the extent of the plaintiff's damages, a claim of bad-faith failure to pay or breach of contract is premature. *Id.* at 564.

In the *Pontius* case, the Alabama Supreme Court explained as follows:

This Court has held that "there can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover." *Quick*

*v. State Farm Mut. Auto Ins. Co.,* 429 So.2d 1033, 1035 (Ala. 1983).  In *LeFevre v. Westberry,* 590 So.2d. 154, 159 (Ala. 1991), we stated:

> "Uninsured motorist coverage in Alabama is a hybrid in that it blends the features of both first-party and third-party coverage. The first-party aspect is evident in that the insured makes a claim under its own contract.  At the same time, however, third-party liability principles also are operating in that the coverage requires the insured to be 'legally entitled' to collect – that is, the insured must be able to establish fault on the part of the uninsured motorist and must be able to prove the extent of the damages to which he or she would be entitled.  The question arises: when is a carrier of uninsured motorist coverage under a duty to pay its insured's damages?

> "There is no universally definitive answer to this question or to the question when an action alleging bad faith may be maintained for the improper handling of an insured or underinsured motorist claim; the answer is, of course, dependent upon the facts of each case.  Clearly, there is a covenant of good faith and fair dealing between the insured and the insured, as with direct insurance, but the insurer and the insured occupy adverse positions until the uninsured motorist's **\*564** liability is fixed; therefore, there can be no action based on the tort of bad faith based on conduct arising prior to that time, only for subsequent bad faith conduct."

*Id. at 564-565.*

More recently, Judge William Steele of the Southern District in Alabama, held that a bad faith claim against an underinsured motorist carrier was not ripe for adjudication prior to the time a plaintiff proves she is legally entitled to recover.  In *Collins v. Nationwide Mut. Ins. Company,* 2017 WL 1901630 (S.D. Ala. 2017), Judge Steele explained as follows:

> "(C)ontractual liability is a prerequisite for liability for bad faith." *Acceptance Insurance Co. v. Brown,* 832 So.2d 1, 16 (Ala. 2001).  The same rule applies to both normal and abnormal claims of bad faith.  *State Farm Fire & Casualty Co. v. Slade,* 747 So. 2d 293, 318 (Ala. 1999) ("[W]e make clear that in order to recover under a theory of an abnormal case of bad-faith to investigate an insurance claim, the insured must show…that the insurer breached the contract for insurance coverage with the insured…").  Therefore, because the plaintiff's contract claim is unripe, his bad faith claims likewise are unripe. *Pontius,* 915 So.2d at 563 ("This Court has held that "there can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover.") (quoting *Quick,* 429 So.2d at 1035).

*Id. at 3.*

In the present case, the Plaintiff has not proven she is legally entitled to recover damages related to the accident involving Rosie Wright.  The damages of the Plaintiff are in dispute and still being investigated through discovery in this matter.  As such, her claims are not ripe for adjudication and subject to summary judgment.  Accordingly, the Defendant is entitled to summary judgment on the Plaintiff's claim of bad faith against it.

## CONCLUSION

WHEREFORE, premises considered, Defendant Progressive Direct Insurance Company moves the Court to dismiss the bad faith claims against it as there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law.

Respectfully submitted this the 10th day of April, 2019.


*Murry S. Whitt*
ALEX L. HOLTSFORD, JR. (HOL048)
MURRY S. WHITT (WHI113)
Attorneys for Defendant Progressive Specialty
Insurance Company

OF COUNSEL:
Holtsford Gilliland Higgins Hitson & Howard, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone:     334-215-8585
Facsimile:      334-215-7101
Email:           aholtsford@hglawpc.com
                     mwhitt@hglawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

Brian T. Mosholder
Carpenter, Ingram & Mosholder, LLP
4274 Lomac Street
Montgomery, AL  36106
bmosholder@carpenterfirm.com

Robert P. Varner
Gary O. Bruce, P.C.
912 Second Avenue
Columbus, GA 31901
brandon@garybrucelaw.net
rob@garybrucelaw.net

Done this the 10th day of April, 2019.

/s/ Murry S. Whitt
OF COUNSEL